# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOEL HAYWARD PEAVY, JR., | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0343-CAP-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-0178-CAP-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 4th day of April, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOEL HAYWARD PEAVY, JR., | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0343-CAP-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-0178-CAP-RGV |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Joel Hayward Peavy, Jr.'s pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 12], the government's response thereto, [Doc. 16], and Peavy's reply, [Doc. 17]. For the following reasons, the undersigned **RECOMMENDS** that the motion to vacate be **GRANTED** as to ground one only.

On July 21, 2011, Peavy entered into a negotiated plea agreement to a one-count criminal information charging him with possession with intent to distribute marijuana, in violation of § 841(a)(1)-(b)(1)(D). [Docs. 1, 6]. On November 16, 2011, the district court sentenced Peavy to 33 months of imprisonment. [Doc. 11]. Peavy did not file a direct appeal. Rather, on January 17, 2012, Peavy filed this pro se § 2255 motion,

raising four grounds for relief, including that his attorney was ineffective for failing to consult with him regarding his appeal rights (ground one). [Doc. 12]. On March 30, 2012, the undersigned conducted an evidentiary hearing to establish the content of Peavy's discussion with his counsel concerning his right to appeal. At the outset of the evidentiary hearing, the government conceded that Peavy should be granted an out-of-time appeal because his counsel did not confer with him about an appeal.[1] See Roe v. Flores-Ortega, 528 U.S. 470, 478-80 (2000).

Accordingly, the undersigned **RECOMMENDS** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 12], be **GRANTED** as to ground one only, that Peavy's remaining grounds be **DISMISSED WITHOUT PREJUDICE**,[2] and that, pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000):

(1) The criminal judgment in this action be **VACATED**;

---

[1] However, the government made clear that it will argue that any appeal filed by Peavy is subject to being dismissed pursuant to the appeal waiver provision in Peavy's plea agreement.

[2] When an out-of-time appeal is granted, the Court may either dismiss without prejudice or hold in abeyance the resolution of the remaining grounds raised in a § 2255 motion pending the outcome of the direct appeal. McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002).

2

(2) The sentence, including all terms and conditions, and special assessment imposed by this Court on November 16, 2011, be **REIMPOSED** with appropriate credit for time already served and sums of the special assessment that may have already been paid; and

(3) Peavy be **ADVISED** that (a) he has the right to an appeal, and (b) with few exceptions, any notice of appeal must be filed within fourteen days, pursuant to Fed. R. App. P. 4(b)(1)(A).

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 4th day of April, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)